

U.S. Small Business Administration

# UNCONDITIONAL GUARANTEE

| SBA Loan # | PLP 51714150-04 |
|---|---|
| SBA Loan Name | Garden of Eden Enterprises, Inc. |
| Guarantor | Coskun Brothers Specialty Food, Inc.<br>162 West 23rd Street, New York, NY 10011 |
| Borrower | Garden of Eden Enterprises, Inc.<br>161 West 23rd Street, 2nd Floor, New York, NY 10011 |
| Lender | Noah Bank |
| Date | April 20, 2012 |
| Note Amount | 5,000,000.00 |

1. GUARANTEE:

   Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when Lender makes written demand upon Guarantor. Lender is not required to seek payment from any other source before demanding payment from Guarantor.

2. NOTE:

   The "Note" is the promissory note dated April 20, 2012 in the principal amount of Five Million and 00/100 Dollars, from Borrower to Lender. It includes any assumption, renewal, substitution, or replacement of the Note, and multiple notes under a line of credit.

3. DEFINITIONS:

   "Collateral" means any property taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. LENDER'S GENERAL POWERS:

Lender may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:

A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
C. Release any Borrower or any guarantor of the Note;
D. Compromise or settle with the Borrower or any guarantor of the Note;
E. Substitute or release any of the Collateral, whether or not Lender receives anything in return;
F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
G. Bid or buy at any sale of Collateral by Lender or any other lienholder, at any price Lender chooses; and
H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against Lender.

5. FEDERAL LAW:

When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. Lender or SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:

To the extent permitted by law,

A. Guarantor waives all rights to:
   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after Lender disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after Lender disposes of it.
B. Guarantor waives any notice of:
   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.
C. Guarantor waives defenses based upon any claim that:
   1) Lender failed to obtain any guarantee;
   2) Lender failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3) Lender or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;

5) Lender impaired the Collateral;
6) Lender did not dispose of any of the Collateral;
7) Lender did not conduct a commercially reasonable sale;
8) Lender did not obtain the fair market value of the Collateral;
9) Lender did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
11) Lender made errors or omissions in Loan Documents or administration of the Loan;
12) Lender did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
13) Lender impaired Guarantor's suretyship rights;
14) Lender modified the Note terms, other than to increase amounts due under the Note. If Lender modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
15) Borrower has avoided liability on the Note; or
16) Lender has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

7. DUTIES AS TO COLLATERAL:

Guarantor will preserve the Collateral pledged by Guarantor to secure this Guarantee. Lender has no duty to preserve or dispose of any Collateral.

8. SUCCESSORS AND ASSIGNS:

Under this Guarantee, Guarantor includes heirs and successors, and Lender includes its successors and assigns.

9. GENERAL PROVISIONS:

A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses Lender incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

B. SBA NOT A CO-GUARANTOR. Guarantor's liability will continue even if SBA pays Lender. SBA is not a co-guarantor with Guarantor. Guarantor has no right of contribution from SBA.

C. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

D. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

E. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable Lender to acquire, perfect, or maintain Lender's liens on Collateral.

F. FINANCIAL STATEMENTS. Guarantor must give Lender financial statements as Lender requires.

G. LENDER'S RIGHTS CUMULATIVE, NOT WAIVED. Lender may exercise any of its rights separately or together, as many times as it chooses. Lender may delay or forgo enforcing any of its rights without losing or impairing any of them.

H. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

I. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

J. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by Lender as to the Loan.

10. STATE-SPECIFIC PROVISIONS:

None



**U.S. Small Business Administration**

**SECURITY AGREEMENT**

| SBA Loan # | PLP 51714150-04 |
|---|---|
| SBA Loan Name | Garden of Eden Enterprises, Inc. |
| Debtor (Exact full legal name of individual(s), corporation, LLC, partnership, or other organization) | Coskun Brothers Specialty Food, Inc. |
| Borrower | Garden of Eden Enterprises, Inc. |
| Secured Party | Noah Bank |
| Date | April 20, 2012 |
| Note Amount | $5,000,000.00 |

1. DEFINITIONS.

   Unless otherwise specified, all terms used in this Agreement will have the meanings ascribed to them under the Official Text of the Uniform Commercial Code, as it may be amended from time to time, ("UCC"). "SBA" means the Small Business Administration, an Agency of the U.S. Government.

2. GRANT OF SECURITY INTEREST.

   For value received, the Debtor grants to the Secured Party a security interest in the property described below in paragraph 4 (the "Collateral").

3. OBLIGATIONS SECURED.

   This Agreement secures the payment and performance of: (a) all obligations under a Note dated April 20, 2012, made

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                 Page 1 of 4

Wolters Kluwer Financial Services, St. Cloud, MN

by  Garden of Eden Enterprises, Inc.                                                            , made payable to

Noah Bank                                                                                      , in the amount

of $  $5,000,000.00                                    ("Note"), including all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the disbursement, administration and collection of the loan evidenced by the Note; (b) all costs and expenses (including reasonable attorney's fees), incurred by Secured Party in the protection, maintenance and enforcement of the security interest hereby granted; (c) all obligations of the Debtor in any other agreement relating to the Note; and (d) any modifications, renewals, refinancings, or extensions of the foregoing obligations.

The Note and all other obligations secured hereby are collectively called the "Obligations."

4. COLLATERAL DESCRIPTION.

The Collateral in which this security interest is granted is all of the Debtor's property described below, and indicated by an "X" or other mark on the applicable line, now owned or hereafter acquired, together with all replacements, accessions, proceeds, and products.

- [x] a. Equipment
- [x] b. Fixtures
- [x] c. Inventory
- [x] d. Accounts
- [x] e. Instruments
- [x] f. Chattel paper
- [x] g. General intangibles
- [x] h. Documents
- [ ] i. Farm products
- [x] j. Deposit accounts
- [x] k. Investment property

- [ ] l. Titled motor vehicles, including mobile or manufactured homes (list make, model, and serial #):

- [ ] m. Other: Insert specific description of other forms of Collateral not included in categories a through k above (for example, specific commercial tort claim, letter-of-credit rights):

5. RESTRICTIONS ON COLLATERAL TRANSFER.

Debtor will not sell, lease, license or otherwise transfer (including by granting security interests, liens, or other encumbrances in) all or any part of the Collateral or Debtor's interest in t he Collateral without Secured Party's written or electronically communicated approval, except that Debtor may sell inventory in the ordinary course of business on customary terms. Debtor may collect and use amounts due on accounts and other rights to payment arising or created in the ordinary course of business, until notified otherwise by Secured Party in writing or by electronic communication.

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                Page 2 of 4

Wolters Kluwer Financial Services, St. Cloud, MN

6. MAINTENANCE AND LOCATION OF COLLATERAL; INSPECTION; INSURANCE.

Debtor must promptly notify Secured Party by written or electronic communication of any change in location of the Collateral, specifying the new location. Debtor hereby grants to Secured Party the right to inspect the Collateral at all reasonable times and upon reasonable notice. Debtor must: (a) maintain the Collateral in good condition; (b) pay promptly all taxes, judgments, or charges of any kind levied or assessed thereon; (c) keep current all rent or mortgage payments due, if any, on premises where the Collateral is located; and (d) maintain hazard insurance on the Collateral, with an insurance company and in an amount approved by Secured Party (but in no event less than the replacement cost of that Collateral), and including such terms as Secured Party may require including a Lender's Loss Payable Clause in favor of Secured Party. or assessed thereon, keep current all rent due on premises where Collateral is located, and maintain insurance on all Collateral Debtor hereby assigns to Secured Party any proceeds of such policies and all unearned premiums thereon and authorizes and to be in the possession of Secured Party and to contain a Lender's Loss Payable Clause naming Secured Party in a manner empowers Secured Party to collect such sums and to execute and endorse in Debtor's name all proofs of loss, drafts, checks and any other documents necessary for Secured Party to obtain such payments.

7. CHANGES TO DEBTOR'S LEGAL STRUCTURE, PLACE OF BUSINESS, JURISDICTION OF ORGANIZATION, OR NAME.

Debtor must notify Secured Party by written or electronic communication not less than 30 days before taking any of the following actions: (a) changing or reorganizing the type of organization or form under which it does business; (b) moving, changing its place of business or adding a place of business; (c) changing its jurisdiction of organization; or (d) changing its name. Debtor will pay for the preparation and filing of all documents, Secured Party deems necessary to maintain, perfect and continue the perfection of Secured Party's security interest in the event of any such change.

8. PERFECTION OF SECURITY INTEREST.

Debtor consents, without further notice, to Secured Party's filing or recording of any documents necessary to perfect, continue, amend or terminate its security interest. Upon request of Secured Party, Debtor must sign or otherwise authenticate all documents that Secured Party deems necessary at any time to allow Secured Party to acquire, perfect, continue or amend its security interest in the Collateral. Debtor will pay the filing and recording costs of any documents relating to Secured Party's security interest. Debtor ratifies all previous filings and recordings, including financing statements and notations on certificates of title. Debtor will cooperate with Secured Party in obtaining a Control Agreement satisfactory to Secured Party with respect to any Deposit Accounts or Investment Property, or in otherwise obtaining control or possession of that or any other Collateral.

9. DEFAULT.

Debtor is in default under this Agreement if: (a) Debtor fails to pay, perform or otherwise comply with any provision of this Agreement; (b) Debtor makes any materially false representation, warranty or certification in, or in connection with, this Agreement, the Note, or any other agreement related to the Note or this Agreement; (c) another secured party or judgment creditor exercises its rights against the Collateral; or (d) an event defined as a "default" under the Obligations occurs. In the event of default and if Secured Party requests, Debtor must assemble and make available all Collateral at a place and time designated by Secured Party. Upon default and at any time thereafter, Secured Party may declare all Obligations secured hereby immediately due and payable, and, in its sole discretion, may proceed to enforce payment of same and exercise any of the rights and remedies available to a secured party by law including those available to it under Article 9 of the UCC that is in effect in the jurisdiction where Debtor or the Collateral is located. Unless otherwise required under applicable law, Secured Party has no obligation to clean or otherwise prepare the Collateral for sale or other disposition and Debtor waives any right it may have to require Secured Party to enforce the security interest or payment or performance of the Obligations against any other person.

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                                                                              Page 3 of 4

Wolters Kluwer Financial Services, St. Cloud, MN

**10. FEDERAL RIGHTS.**

When SBA is the holder of the Note, this Agreement will be construed and enforced under federal law, including SBA regulations. Secured Party or SBA may use state or local procedures for filing papers, recording documents, giving notice, enforcing security interests or liens, and for any other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax or liability. As to this Agreement, Debtor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

**11. GOVERNING LAW.**

Unless SBA is the holder of the Note, in which case federal law will govern, Debtor and Secured Party agree that this Agreement will be governed by the laws of the jurisdiction where the Debtor is located, including the UCC as in effect in such jurisdiction and without reference to its conflicts of laws principles.

**12. Secured party rights.**

All rights conferred in this Agreement on Secured Party are in addition to those granted to it by law, and all rights are cumulative and may be exercised simultaneously. Failure of Secured Party to enforce any rights or remedies will not constitute an estoppel or waiver of Secured Party's ability to exercise such rights or remedies. Unless otherwise required under applicable law, Secured Party is not liable for any loss or damage to Collateral in its possession or under its control, nor will such loss or damage reduce or discharge the Obligations that are due, even if Secured Party's actions or inactions caused or in any way contributed to such loss or damage.

**13. SEVERABILITY.**

If any provision of this Agreement is unenforceable, all other provisions remain in effect.

**14. DEBTOR CERTIFICATIONS.**

Debtor certifies that: (a) its Name (or Names) as stated above is correct; (b) all Collateral is owned or titled in the Debtor's name and not in the name of any other organization or individual; (c) Debtor has the legal authority to grant the security interest in the Collateral; (d) Debtor's ownership in or title to the Collateral is free of all adverse claims, liens, or security interests (unless expressly permitted by Secured Party); (e) none of the Obligations are or will be primarily for personal, family or household purposes; (f) none of the Collateral is or will be used, or has been or will be bought primarily for personal, family or household purposes; and (g) Debtor has read and understands the meaning and effect of all terms of this Agreement.

**15. DEBTOR NAME(S) AND SIGNATURE(S).**

By signing or otherwise authenticating below, each individual and each organization becomes jointly and severally obligated as a Debtor under this Agreement.

**IN WITNESS WHEREOF,**

Jun Woo Kim, SVP

Mustafa Coskun, President

SBA Form 1059 (2-04) Previous Editions are obsolete.                                                                                                                                                         Page 4 of 4

Wolters Kluwer Financial Services, St. Cloud, MN

010302  2012 APR 23  AM 9:00

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

NOAH BANK
ATTN TO: HYUN JIN YI
154-04 NORTHERN BLVD
FLUSHING, NY 11354

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME |
|---|
| COSKUN BROTHERS SPECIALTY FOOD, INC. |

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 162 WEST 23RD STREET | NEW YORK | NY | 10011 | USA |

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | CORPORATION | NEW YORK |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME |
|---|
| |

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

| ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION |
|---|---|---|

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME |
|---|
| NOAH BANK |

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 7301 OLD YORK ROAD | ELKINS PARK | PA | 19027 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**

All of Debtor's tangible and intangible personal property including but not limited to equipment, fixtures, inventory, accounts, instruments, chattel paper, general intangibles, documents, deposit accounts, investment property, and all whether now owned or hereafter acquired or arising and wherever located, and all cash and non-cash proceeds of all of the foregoing.

5. ALTERNATIVE DESIGNATION (if applicable): LESSEE/LESSOR  CONSIGNEE/CONSIGNOR  BAILEE/BAILOR  SELLER/BUYER  AG. LIEN  NON-UCC FILING
6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.  Attach Addendum (if applicable)  7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE] (optional)  All Debtors  Debtor 1  Debtor 2

8. OPTIONAL FILER REFERENCE DATA
NOAH/$5,000,000 SBA LOAN (NY STATE)

FILING OFFICE COPY — UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**FILING NUMBER: 201204230225542**

797354        2013 Oct 02 PM06:31

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Gisella Melendez 800-331-3282

**B. SEND ACKNOWLEDGMENT TO:** (Name and Address)

CT Lien Solutions
P.O. Box 29071
Glendale, CA 91209-9071, USA
efiling@wolterskluwer.com
(Fax)818-662-4141

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | COSKUN BROTHERS SPECIALTY FOOD, INC. |
|---|---|

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 162 WEST 23RD STREET | NEW YORK | NY | 10011 | USA |

| ADD'L INFO RE ORGANIZATION DEBTOR | 1e. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | Corporation | NY |

**2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME** - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

2a. ORGANIZATION'S NAME

2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX

2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY

ADD'L INFO RE ORGANIZATION DEBTOR | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION

**3. SECURED PARTY'S NAME** (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | NOAH BANK |
|---|---|

| 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 7301 OLD YORK ROAD | ELKINS PARK | PA | 19027 | USA |

**4. This FINANCING STATEMENT covers the following collateral:**
All of Debtor's tangible and intangible personal property including but not limited to equipment, fixtures, inventory, accounts, instruments, chattel paper, general intangibles, documents, deposit accounts, investment property, and all whether now owned or hereafter acquired or arising and wherever located, and all cash and non-cash proceeds of all of the foregoing.

5. ALTERNATIVE DESIGNATION (if applicable): LESSEE/LESSOR | CONSIGNEE/CONSIGNOR | BAILEE/BAILOR | SELLER/BUYER | AG. LIEN | NON-UCC FILING
6. This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS   Attach Addendum  (if applicable)  | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) (ADDITIONAL FEE) (optional) | All Debtors | Debtor 1 | Debtor 2
8. OPTIONAL FILER REFERENCE DATA  NY-0-40106310-47831277

FILING OFFICE COPY — NATIONAL UCC FINANCING STATEMENT (FORM UCC1) (REV. 05/22/02)

**Filing Number-201310026049317**